## WESTOVER CO. v. SMYTH.
### No. 29552.

United States District Court
N. D. California, S. D.
Aug. 31, 1951.

McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., for the plaintiff.

Frank J. Hennessy, U. S. Atty., Edgar R. Bonsall, Asst. U. S. Atty., Macklin Fleming, Asst. U. S. Atty., all of San Francisco, Cal., and Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Harvey M. Spear, Special Assts. to the Atty. Gen., for the defendant.

MURPHY, District Judge.

The above entitled cause having been duly tried before the Honorable Edward P. Murphy, District Judge, the Court now makes the following

Findings of Fact

1. The Court adopts by reference the two Stipulations of Facts filed herein and all of the exhibits attached thereto or adopted by reference therein.

2. Judson Pacific Company was incorporated in 1928 under the laws of the State of Nevada. On January 27, 1947, Judson Pacific Company was liquidated and dissolved and all of its assets were distributed to its then sole stockholder, Pacific Rolling Mill Company.

3. Pacific Rolling Mill Company was a corporation organized and existing under and by virtue of the laws of the State of Nevada. In April of 1949 Pacific Rolling Mill Company was merged into Westover Co., the plaintiff herein, in a statutory merger under the statutes of the States of Nevada and California.

4. Plaintiff Westover Co. is now and has at all times herein material been a corporation organized and existing under and by virtue of the laws of the State of California.

5. Defendant James G. Smyth is now and at all times since May 14, 1945, has been the duly commissioned, qualified and acting Collector of Internal Revenue for the First District of California.

6. Judson Pacific Company kept its books and filed its federal tax returns on the accrual basis and on the basis of a fiscal year ending on January 31 of each calendar year. Any reference herein to a particular fiscal year refers to the fiscal year which ended on January 31 of the respective calendar year referred to.

7. Judson Pacific Company filed income and declared value excess profits tax returns and excess profits tax returns for fiscal 1944, fiscal 1945, and fiscal 1946, and filed an income tax return for fiscal 1947, and it made timely payment of the taxes shown to be due by said returns.

On June 25, 1946, Judson Pacific Company filed with defendant a claim for refund of excess profits taxes for fiscal 1944, based on a carry-back of an unused excess profits credit from fiscal 1946. Said refund claim was allowed by the Commissioner of Internal Revenue as part of re-computations of income and excess profits taxes set forth in a letter from F. M. Harless, Internal Revenue Agent in Charge, to Judson Pacific Company, dated May 12, 1947. Credit for the net refund allowed was made against additional taxes for the fiscal years 1944, 1945, and 1946, which taxes were paid by Pacific Rolling Mill Company to defendant on April 28, 1948, pursuant to assessments against it as transferee of Judson Pacific Company.

On June 15, 1947, Judson Pacific Company filed with defendant an application for tentative carry-back adjustment for fiscal 1945 based on a carry-back of unused excess profits credit from fiscal 1947. Pursuant to said application, a tentative refund was received by Judson Pacific Company on October 27, 1947.

On December 28, 1948, the Commissioner of Internal Revenue notified Pacific Rolling Mill Company of the proposed assessment against it, as transferee of the assets of Judson Pacific Company, of deficiencies based on the disallowance of said carry-backs of unused excess profits credits from fiscal 1947 to fiscal 1945 and from fiscal 1946 to fiscal 1944.

On June 14, 1949, pursuant to said notice of proposed deficiencies, defendant mailed to plaintiff, addressed as Pacific Rolling Mill Company, demands for the payment of additional excess profits taxes of Judson Pacific Company for fiscal 1944 and fiscal 1945. Said demands required payment after credit for related over-assessments of income taxes in the net amount, including interest, of Fifty-two Thousand Eight Hundred Thirty-six Dollars and Seventy-three Cents for fiscal 1944, and in the net amount, including interest, of Seventeen Thousand Fourteen Dollars and Thirty-nine Cents for fiscal 1945.

Pursuant to said demands of defendant, plaintiff Westover Co., on June 23, 1949, paid to defendant said sums of Fifty-two Thousand Eight Hundred Thirty-six Dollars and Seventy-three Cents and Seventeen Thousand Fourteen Dollars and Thirty-nine Cents. Thereafter plaintiff received refunds representing interest on said related over-assessments of income taxes in the amounts of Four Thousand Fourteen Dollars and Sixty-one Cents, for fiscal 1944, and One Thousand Two Hundred Forty-five Dollars and Forty-seven Cents for fiscal 1945.

On August 23, 1949, in accordance with the applicable provisions of law and the regulations of the Secretary of the Treasury, plaintiff Westover Co. duly filed with defendant verified claims on Form 843 for refund of said sum of Fifty-two Thousand Eight Hundred Thirty-six Dollars and Seventy-three Cents and said sum of Seventeen Thousand Fourteen Dollars and Thirty-nine Cents. In said claims for refund plaintiff set forth the grounds upon which it relied in support thereof, to wit, that Judson Pacific Company was entitled to carry-backs of unused excess profits credits from fiscal 1946 to fiscal 1944 and from fiscal 1947 to fiscal 1945. Said claims for refund were never allowed by the Commissioner of Internal Revenue and more than six months elapsed between the date of their filing and the filing of the Complaint herein.

8. Prior to January, 1945, Judson Pacific Company had been engaged in the steel fabricating business and also held investments in securities. As of January 31, 1945, Judson Pacific Company sold the assets of its steel fabricating business to Judson Pacific-Murphy Corporation under an agreement whereby Judson Pacific-Murphy Corporation assumed all liabilities as of January 31, 1945, except for taxes resulting from the consummation of the sale. Judson Pacific Company retained cash and securities in the amount of approximately $410,000.

9. At the time of the sale by Judson Pacific Company of the assets of its steel fabricating business in January of 1945, it was intended and contemplated that its corporate existence should be continued. This retention of the corporate form was not for the purpose of possible savings of excess profits taxes and no consideration was given to any possibility of carry backs of unused excess profits credits.

10. Thereafter, during the spring and summer of 1945, Judson Pacific Company purchased or redeemed approximately 49% of its capital stock, such stock being all of its stock except that owned by Pacific Rolling Mill Company.

11. During the period from January 31, 1945, to January 27, 1947, approximately 80% of the stock of Pacific Rolling Mill Company was owned by Westover Co. At that time all of the stock of Westover Co. was owned by E. B. Noble and his immediate family.

12. In April of 1945, after the sale of the steel fabricating business to Judson Pacific-Murphy Corporation but pursuant to negotiations started before such sale, Judson Pacific Company joined with H. Moffat Co. in the purchase of a 7,740 acre cattle ranch (known as the U-3 Ranch) in Stanislaus County, California. Until January, 1947, Judson Pacific Company and H. Moffat Co., as equal joint venturers, engaged in the purchase and sale of livestock and the feeding of said live stock on such ranch. This activity was extremely profitable and has been continued by Judson Pacific Company's successors. The purchase of a half interest in the U-3 Ranch and the making of the joint venture agreement were both duly authorized by the Board of Directors of Judson Pacific Company at a meeting held April 16, 1945. The purchase price of Judson Pacific Company's half interest in the U-3 Ranch was approximately $360,000. Judson Pacific Company, through its president, actively participated in the supervision of part of the operations of the U-3 Ranch.

13. During the period from January 31, 1945, to January 27, 1947, Judson Pacific Company, through its president and vice-president, actively supervised its investment portfolio and made aggregate purchases of approximately $170,000 of securities and sales of approximately $110,000 of securities. During this period the investment portfolio was increased from approximately $100,000 to approximately $180,000. It received income from these investments and paid a dividend from this income.

14. Judson Pacific Company also engaged in the winding up of its steel business involving the collection of accounts receivable, the settlement and payment of liabilities and the supervision of the performance by Judson Pacific-Murphy Corporation of its contract for the purchase of the steel fabricating business. Such supervision involved determination and collection of seventeen payments from Judson Pacific-Murphy Corporation aggregating approximately $1,600,000 and the payment by Judson Pacific Company of various liabilities for which some of such payments constituted reimbursement to it by Judson Pacific-Murphy Corporation. A director of Judson Pacific Company was placed on the board of Judson Pacific-Murphy Corporation, both to supervise performance under the sales contract and to lend his experience to the new corporation so that its activities would be sufficiently successful as to assure satisfaction of the obligations for which Judson Pacific Company remained liable but which Judson Pacific-Murphy Corporation had assumed.

15. During the period from February 1, 1945, to January 27, 1947, Judson Pacific Company held nine meetings of its Board of Directors to consider and act on current matters.

16. Judson Pacific Company retained the right to do business in California during fiscal 1946 and fiscal 1947, filed California franchise tax returns for such years and paid the taxes required thereon.

17. During the period from January 31, 1945, to January 27, 1947, Judson Pacific Company was a corporation in existence in fact, was engaged in business activities and in activities arising from the sale of its steel business, had reasons for existence and was operated in good faith as a going corporation.

18. The California franchise tax of Judson Pacific Company for the taxable year ended January 31, 1946 (measured by the income for the year ended January 31, 1945) amounted to $17,552.11. Upon the advice of their then mutual attorney that such franchise tax was the liability of Judson Pacific-Murphy Corporation pursuant to the agreement of sale, Judson Pacific-Murphy Corporation, on April 12, 1945, paid to Judson Pacific Company the sum of $9,000 as reimbursement for the first installment of such franchise tax paid by Judson Pacific Company to the California Franchise Tax Commissioner on April 10, 1945. On October 10, 1945, Judson Pacific Company paid to the Franchise Tax Commissioner the balance of $8,552.11 due on said franchise tax, and on January 31, 1946, Judson Pacific-Murphy Corporation paid to Judson Pacific Company the same

amount as reimbursement for the franchise tax payment. Said total payments of $17,552.11 by Judson Pacific-Murphy Corporation to Judson Pacific Company constituted income of Judson Pacific Company for fiscal 1946.

19. For fiscal 1946, the gross income of Judson Pacific Company comprised $10,828.13 as income from securities and $17,552.11 as reimbursement by Judson Pacific-Murphy Company for the franchise tax payment. For fiscal 1947, Judson Pacific Company's gross income comprised $46,524.55 as its share of the profits of the operation of the U–3 Ranch and $25,389.30 as income from securities. In each of the fiscal years 1946 and 1947, over 60% of Judson Pacific Company's income was not personal holding company income.

## Conclusions of Law

1. Plaintiff has complied with all conditions imposed by law or required by regulations of the Secretary of the Treasury for the institution and maintenance of this action.

2. This action arises under laws of the United States providing for the internal revenue and this Court has jurisdiction of the subject matter and of the parties.

3. Judson Pacific Company was not a personal holding company during any of the years involved herein.

4. Judson Pacific Company, during fiscal year 1946 and fiscal year 1947, was a corporation within the meaning of Internal Revenue Code, § 710, 26 U.S.C.A. § 710, and was entitled to carry-backs of unused excess profits credits from fiscal 1946 to fiscal 1944 and from fiscal 1947 to fiscal 1945.

5. The taxes sought to be recovered in this action were wrongfully and illegally collected from plaintiff, and plaintiff is entitled to judgment in the amounts of Forty-eight Thousand Eight Hundred Twenty-two Dollars and Twelve Cents for fiscal 1944 and Fifteen Thousand Seven Hundred Sixty-eight Dollars and Ninety-two Cents for fiscal 1945, together with interest thereon at the rate of 6% per annum from June

23, 1949 to a date preceding the date of the refund check by not more than thirty days and its costs herein.

6. The defendant is entitled to a certificate of probable cause.